Filed: 1/13/2016 10:25:27 AM
Yoon Kim
District Clerk
Collin County, Texas
By Pam English Deputy
Envelope ID: 8587336

Cause No. 416-00160-2016

| | | |
|---|---|---|
| EMERGENCY STAFFING SOLUTIONS, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | COLLIN COUNTY, TEXAS |
| OZARK HEALTH, INC D/B/A OZARK | § | |
| HEALTH MEDICAL CENTER | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

Plaintiff Emergency Staffing Solutions, Inc. ("Plaintiff" or "ESS") files this Plaintiff's Original Petition and Requests for Disclosure against Defendant Ozark Health, Inc. d/b/a Ozark Health Medical Center ("Defendant" or "Ozark") and would respectfully show this Court as follows:

### I.
### INTRODUCTION

1. This action arises from Defendant's breach of contract. ESS seeks monetary damages and an award of its attorneys' fees. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, ESS intends that discovery should be conducted under Level 1.

2. ESS seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### II.
### PARTIES

3. Plaintiff Emergency Staffing Solutions, Inc. is a Texas corporation with its principal place of business in Collin County, Texas.

4. Defendant Ozark Health, Inc. d/b/a Ozark Health Medical Center is an Arkansas corporation. Ozark may be served with process in this action by delivering a citation and a copy

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE – Page 1**

of this petition to its registered agent, David W. Deaton, at 2500 Hwy 65 South, Clinton, AR 72031.

### III.
### JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction because no other court has exclusive jurisdiction of the subject matter of these causes and the amount in controversy exceeds the minimum jurisdictional limits of this Court.

6.      Defendant executed a contract, by mail or otherwise, with ESS, a Texas corporation. ESS's performance under the contract was to take place and did take place in whole or in part in Texas. Defendant is therefore subject to the Texas long-arm statute. Tex. Civ. Prac. & Rem. Code § 17.042.

7.      Defendant has established, by its own actions, minimum contacts with the State of Texas. Defendant solicited and engaged the services of ESS, a Texas corporation. ESS performed its obligations under the contract in Texas. Defendant regularly made payments to a Texas bank. Defendant often communicated by telephone and email with employees of ESS based in Texas.

8.      The causes of action listed herein arose from Defendant's contacts with Texas, and Defendant is therefore subject to specific jurisdiction in Texas.

9.      Jurisdiction in this Court does not violate traditional notions of fair play and substantial justice.

10.      Venue is proper in this Court under Texas Civil Practice and Remedies Code § 15.002 because a substantial part of the events or omissions giving rise to this claim occurred in Collin County, Texas.

### IV.
### FACTUAL ALLEGATIONS

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE – Page 2**

11.     ESS specializes in the business of contracting with hospitals to provide, among other things, emergency billing and physician staffing services.

12.     ESS maintains its principal place of business in Collin County, Texas. From its Collin County location, ESS manages its contractual relationships with physicians, processes payment for those physicians, negotiates staffing service contracts, negotiates independent contractor contracts, and otherwise manages its physician staffing business.

13.     ESS expends substantial resources to attract and retain qualified emergency department physicians to provide services for its hospital clients.

14.     ESS's development of contractual relationships with qualified emergency physicians ("Emergency Physicians") gives ESS a competitive advantage in the industry and constitutes a significant factor in ESS's ability to attract new hospital clients.

15.     To protect and maintain its contractual relationships, ESS routinely enters into no-hire agreements that, during a defined period, prevents ESS's hospital clients from attempting to hire ESS's Emergency Physicians without compensation to ESS. No-hire agreements are standard in the physician-staffing industry and hospitals routinely negotiate, agree to, and comply with, contracts that contain no-hire agreements.

16.     On or about August 8, 2013, ESS and Defendant entered into a contract whereby ESS agreed to provide emergency department billing and physician staffing services to Defendant in exchange for Defendant's agreement to compensate ESS for those services (the "Agreement").

17.     ESS performed all of its obligations under the Agreement.

18.     As of the date of termination, Defendant owed ESS in excess of $11,000 for services provided under the Agreement.

19.     A no-hire provision in Paragraph 8 of the Agreement provides that, during the term

of the Agreement and for a period of 12 months after the termination of the Agreement, Defendant cannot:

> . . . directly or indirectly (including, without limitation, through a controlled affiliate) solicit, retain, employ contract with or otherwise engage or be the beneficiary of the professional services of [the Emergency Physicians"] . . .

20.     Paragraph 8 of the Agreement further provides that ESS may, in its sole discretion, elect to waive the restrictive covenant set forth in Paragraph 8 upon ESS's receipt of compensation in the amount of $20,000 per physician.

21.     After the parties' termination of the Agreement, ESS discovered that Defendant retained the services of no less than three (3) Emergency Physicians that provided medical services to Defendant in the satisfaction of ESS's obligations under the Agreement.

22.     ESS's counsel contacted Defendant, notified Defendant of its breach of the Agreement and demanded that Defendant compensate ESS per the terms of the Agreement for each Emergency Physician Defendant wishes to retain.

23.     To date, Defendant refuses to refrain from retaining the services of any of the Emergency Physicians. Defendant also refuses to compensate ESS the required $20,000.00 for each Emergency Physician it retains.

24.     To date, Defendant also refuses to comply with its other financial obligations by failing to pay ESS for its services provided under the Agreement.

25.     ESS now brings this lawsuit and seeks monetary damages resulting from Defendant's breach of the Agreement.

# V.
## CAUSES OF ACTION/REMEDIES

**Count 1:** **Breach of Contract**

26. ESS hereby incorporates the allegations contained in the foregoing paragraphs as if restated in full herein.

27. Defendant entered into an Agreement whereby it agreed to pay ESS for services provided under the Agreement. The Agreement further provides that, during the term of the Agreement and for a period of 12 months after the termination of the Agreement, Defendant must refrain from retaining the services of the Emergency Physicians that provided medical services to Defendant in the satisfaction of ESS's obligations under the Agreement.

28. Defendant breached the Agreement by failing to refrain from retaining the services of no less than three (3) Emergency Physicians during the restricted period.

29. Defendant also breached the Agreement by failing to timely pay ESS for services provided.

30. As a result of Defendant's breach of the Agreement, ESS has been damaged in an amount to be determined at trial, but in excess of the minimum jurisdictional limits of this Court.

**Count 2:** **Attorneys' Fees**

31. ESS hereby incorporates the allegations contained in the foregoing paragraphs as if restated in full herein.

32. As a result of the allegations set forth above, ESS has been forced to retain legal counsel to represent it in this matter and has agreed to pay its counsel reasonable and necessary attorneys' fees.

33.     Accordingly, pursuant to § 38.001 *et seq.* of the Texas Civil Practice and Remedies Code, ESS requests that upon final resolution of this matter, it be awarded its reasonable and necessary attorney fees and costs in this action.

## VI.
### REQUESTS FOR DISCLOSURE

34.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of this request, the information or material described in Rule 194 of the Texas Rules of Civil Procedure.

35.     Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of this request, all documents, electronic information, and tangible items that the Defendant has in its possession, custody, or control and may use to support its claims or defenses.

## VII.
### REQUEST FOR RELIEF

CONSIDERING THESE PREMISES, ESS respectfully requests that, upon final resolution of this matter, this Court enter a judgment against Defendant Ozark Health, Inc. d/b/a Ozark Health Medical Center for the following relief:

(A)     Monetary damages in an amount to be determined at trial, but not less than $71,000.00;

(B)     All attorneys' fees and costs of court;

(C)     Any and all costs and reasonable attorneys' fees incurred in any and all related appeals and collateral actions, if any;

(D)     Pre-judgment and post-judgment interest on all sums at an interest rate of 18% per the terms of the Agreement; and

(E)     Such other and further relief to which this Court deems that ESS is justly entitled.


Respectfully submitted,


/s/ John M. Hafen
John M. Hafen
Texas State Bar No. 24057879
jmh@hanshawkennedy.com
David R. Wortham, Jr.
Texas State Bar No. 24093392
drw@hanshawkennedy.com

**HANSHAW KENNEDY, LLP**
1415 Legacy Drive, Suite 350
Frisco, Texas 75034
Telephone: (972) 731-6500
Telecopier: (972) 731-6555

**ATTORNEYS FOR PLAINTIFF**