## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| EMERGENCY STAFFING SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 4:16-CV-00145-ALM-CAN |
| OZARK HEALTH, INC D/B/A OZARK HEALTH MEDICAL CENTER | § § § § | |
| Defendant. | § § | |

## ANSWER

COMES NOW, Defendant Ozark Health, Inc. d/b/a Ozark Health Medical Center ("Ozark"), and files this its Answer and states the following in support thereof:

## AFFIRMATIVE DEFENSES

1.	Defendant states affirmatively that Plaintiff's claim is barred, in whole or in part, by the non-occurrence of one or more conditions precedent to Plaintiff's right to enforce and recover under Paragraph 8 of the Agreement at issue. Defendant did not directly or indirectly itself or through a controlled affiliate solicit, retain, employ, or contract with physicians that were solely used through ESS. No breach of the restrictive covenant has occurred. *See Wharton Physician Services, P.A. v. Signature Gulf Coast Hospital, L.P.*, No. 13-14-00437-CV, 2016 WL 192069 (Tex. App.—Corpus Christi-Edinburg Jan. 14, 2016, no pet h.)(holding a non compete clause cannot bind a non-signatory third party).

2.	Defendant states affirmatively that the non-compete provision in Paragraph 8 of the Agreement between Ozark and Emergency Staffing Solutions (hereinafter "ESS") is unenforceable as the covenant not to compete lacks consideration. A covenant not to compete

must be supported by consideration. *See Wharton,* No. 13-14-00437-CV, 2016 WL 192069 (Tex. App.—Corpus Christi-Edinburg Jan. 14, 2016, no pet h.). No consideration supports the covenant not to compete found in the Agreement between ESS and Ozark Health.

3. Defendant states affirmatively that Plaintiff's claim is barred, in whole or in part, by Defendant's payment of its obligation under the Agreement at issue. On or about February 9, 2016, Defendant tendered and Plaintiff accepted the money, in full payment and discharge of the debt on the basis of which Plaintiff sues herein. Ozark has paid all monies due under the Agreement.

## **ORIGINAL ANSWER**

### I. INTRODUCTION

4. Defendant admits that Plaintiff has brought suit for a breach of contract and seeks monetary damages and attorneys' fees as alleged in Paragraph 1 of Plaintiff's Original Petition but Defendant denies any alleged violations or any right to judgment and/or damages. Defendant also denies that discovery should be conducted under Level 1 of Rule 190.1 of the Texas Rules of Civil Procedure as this case has been removed to federal court and the amount of damages sought by Plaintiff exceeds the amount permissible under Level 1 discovery.

5. Defendant admits that Plaintiff seeks monetary relief as alleged in Paragraph 2 of Plaintiff's Original Petition, but Defendant denies Plaintiff is entitled to any relief.

### II. PARTIES

6. Defendant is without sufficient information to enable it to form a belief regarding the allegations contained in Paragraph 3 of Plaintiff's Original Petition, in consequence of which it denies and places the same in issue.

7. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Original Petition.

### III. JURISDICTION AND VENUE

8. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Original Petition. However, Defendant would state that the allegations contained in Paragraphs 5-10 no longer require a response as the case has been removed to federal court. Defendant further asserts that the United States District Court for the Eastern District of Texas has subject matter jurisdiction over this matter as the amount in controversy exceeds $75,000 and complete diversity exists between the parties. *See* 28 U.S.C. § 1332.

9. Defendant admits that a contract was emailed to it in Arkansas by ESS, and it was executed by Defendant in Arkansas and emailed back to ESS, a Texas corporation. However, it denies the remaining allegations contained in Paragraph 6 of Plaintiff's Original Petition.

10. Defendant denies that it has established minimum contacts with the State of Texas. Defendant admits that from Arkansas, it initiated contact via telephone with ESS to discuss entering into an agreement with ESS. Defendant made payments from Arkansas via the U.S. Postal Service to ESS. Defendant communicated via the telephone and email from Arkansas with ESS. Defendant admits that ESS performed some of its obligations in Arkansas. Defendant is without sufficient information to enable it to form a belief regarding the citizenship of ESS or where ESS performed the remainder of its obligations, in consequence of which it denies and places the same in issue. The remaining allegations contained in Paragraph 7 of Plaintiff's Original Petition are denied.

11. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Original Petition.

12. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Original Petition.

13. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Original Petition.

### IV. FACTUAL ALLEGATIONS

14. Defendant is without sufficient information to enable it to form a belief regarding the allegations contained in Paragraph 11 of Plaintiff's Original Petition, in consequence of which it denies and places the same in issue.

15. Defendant is without sufficient information to enable it to form a belief regarding the allegations contained in Paragraph 12 of Plaintiff's Original Petition, in consequence of which it denies and places the same in issue.

16. Defendant is without sufficient information to enable it to form a belief regarding the allegations contained in Paragraph 13 of Plaintiff's Original Petition, in consequence of which it denies and places the same in issue. Defendant asserts that it expended substantial financial resources totaling $147,502.50 in addition to ESS' standard rates to secure the services of certain emergency room physicians.

17. Defendant is without sufficient information to enable it to form a belief regarding the allegations contained in Paragraph 14 of Plaintiff's Original Petition, in consequence of which it denies and places the same in issue. Defendant asserts that it expended substantial financial resources totaling $147,502.50 in addition to ESS' standard rates to secure the services of certain emergency room physicians.

18. Defendant is without sufficient information to enable it to form a belief regarding the allegations contained in Paragraph 15 of Plaintiff's Original Petition, in consequence of

which it denies and places the same in issue. Defendant asserts that it expended substantial financial resources totaling $147,502.50 in addition to ESS' standard rates to secure the services of certain emergency room physicians.

19. Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Original Petition.

20. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Original Complaint.

21. As of February 9, 2016, Defendant has paid all amounts due for services provided under the Agreement and therefore, the Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Original Complaint.

22. Defendant admits that Paragraph 8 of the Agreement contains a Restrictive Covenant partially quoted by Plaintiff in Paragraph 19 of Plaintiff's Original Petition. However, Defendant denies the scope, applicability, and interpretation by Plaintiff of that section to Defendant.

23. Defendant admits that Paragraph 8 of the Agreement contains a Restrictive Covenant partially quoted by Plaintiff in Paragraph 20 of Plaintiff's Original Petition. However, Defendant denies the scope, applicability, and interpretation by Plaintiff of that section to Defendant.

23. Defendant denies that its actions, after the Agreement between the parties ended, breached any provision of the Agreement between the parties including the Restrictive Covenant as alleged in Paragraph 21 of Plaintiff's Original Petition.

24. Defendant admits that it was contacted by ESS' counsel as alleged in Paragraph 22 of Plaintiff's Original Petition. Defendant denies that it has breached its Agreement with ESS or that it should compensate ESS.

25. Defendant denies that the actions referenced in Paragraph 23 of Plaintiff's Original Petition. Defendant denies that it is required to compensate ESS as alleged in Paragraph 23 of Plaintiff's Original Petition.

26. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Original Petition.

27. Defendant admits that ESS has brought suit seeking monetary damages as alleged in Paragraph 25 of Plaintiff's Original Petition. Defendant denies that any breach of the Agreement occurred by it or it owes any monetary damages.

## V. CAUSES OF ACTION/REMEDIES

**Count 1:** **Breach of Contract**

28. Paragraph 26 of Plaintiff's Original Petition does not require a response. Please see Defendant's responses to all previous paragraphs.

29. Defendant admits that it entered into a contract with ESS to provide compensation for certain services provided by ESS as alleged in Paragraph 27 of Plaintiff's Original Petition. However, Defendant denies the interpretation of the contractual provisions and the remaining allegations contained in Paragraph 27 of Plaintiff's Original Petition.

30. Defendant denies the allegations contained in Paragraph 28 Plaintiff's Original Petition.

31. Defendant denies the allegations contained in Paragraph 29 Plaintiff's Original Petition.

32. Defendant denies the allegations contained in Paragraph 30 Plaintiff's Original Petition.

**Count 2:     Attorney's Fees**

33. Paragraph 31 of Plaintiff's Original Petition does not require a response. Please see Defendant's responses to all previous paragraphs.

34. Defendant denies that any action by Ozark forced ESS to retain legal counsel as alleged in Paragraph 32 of Plaintiff's Original Petition. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of Plaintiff's Original Petition in consequence of which it denies and places the same in issue.

35. Defendant admits that Tex. Prac. & Rem. Code § 38.001 *et seq.* awards attorney's fees for a breach of contract action as alleged in Paragraph 33 of Plaintiff's Original Petition. Defendant denies that ESS is entitled to any attorney's fees.

## VI. REQUESTS FOR DISCLOSURE

36. Defendant denies the applicability of Rule 194 of the Texas Rules of Civil Procedure as alleged in Paragraph 34 of Plaintiff's Original Petition. The Federal Rules of Civil Procedure will now govern all discovery.

37. Defendant denies the applicability of Rule 190.2 of the Texas Rules of Civil Procedure as alleged in Paragraph 35 of Plaintiff's Original Petition. The Federal Rules of Civil Procedure will now govern all discovery.

## VII. REQUEST FOR RELIEF

38. Defendant denies that Plaintiff is entitled to damages or other relief set forth in "VII. Request for Relief." Defendant denies all remaining allegations in this paragraph.

39. All allegations not specifically admitted herein are denied.

## VIII. COUNTERCLAIM

Defendant Ozark Health hereby asserts the following Counterclaim against Plaintiff ESS.

### Parties

40. On information and belief, ESS is a Texas corporation with its principal place of business in Collin County, Texas.

41. Ozark Health is an Arkansas corporation with its principal place of business in Van Buren County, Arkansas.

### Jurisdiction and Venue

42. This Court has personal jurisdiction over ESS because ESS alleges it is a Texas corporation with its principal place of business in Collin County, Texas.

43. This Court has subject matter jurisdiction over this counterclaim because this cause of action is supplemental to the cause of action asserted by ESS. This claim is a part of the same case or controversy as ESS's claims. *See* 28 U.S.C. § 1367.

44. Ozark Health contends that venue is improper and inconvenient in this court and will file a Motion to Transfer Venue. However, based on 28 U.S.C. § 1442, Ozark Health had to remove the case to this court.

### Facts

45. On information and belief, ESS is a company that provides administrative services to hospitals, including staffing emergency rooms with qualified physicians.

46. Ozark Health is an acute care hospital that provides health care services to patients.

47. ESS and Ozark Health entered into a Coverage Services Agreement ("Agreement") that became effective on August 8, 2013, for ESS to provide Ozark Health with emergency room physicians.

48. In Exhibit A to the Agreement, Paragraph 5, ESS agreed to the following provision:

> Group shall provide Emergency Department coverage twenty-four (24) hours per day, seven (7) days per week. The schedule for coverage shall be arranged by the Group and provided to the Hospital CEO or its designee and Emergency Department at least five (5) days prior to the first of each month.

49. From the effective date of the Agreement until its termination, ESS never provided a completed schedule prior to the beginning of each month. Many times ESS did not determine or notify Ozark Health what person would cover a number of shifts until after the month was well under way. Instead, ESS would provide a schedule prior to the beginning of the month with unscheduled slots listed as "Open." Often these "open" shifts were assigned coverage only a few days in advance.

## Cause of Action-Breach of Contract

50. Ozark Health incorporates by reference the allegations contained in Paragraphs 41-50, as though fully set forth in this paragraph.

51. ESS' failure to provide a complete schedule constitutes a breach of the Agreement between ESS and Ozark Health.

52. As a result of ESS' failure to provide a completed schedule, the chaos and tension in the emergency department of the hospital was compounded. ESS' failure caused increased stress to administration, management, and staff. Numerous times, Ozark

Health was in state of uncertainty as to whether a physician would be present to provide emergency services at its facility until days before the shift. This uncertainty increased the stressful and tense environment of the emergency department.

53.     Pursuant to § 38.001 of the Tex. Civ. Prac. & Rem. Code, Ozark Health is entitled to its attorney's fees for breach of contract.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing by way of this suit, that Defendant be discharged with its costs, that Ozark Health recover damages and attorney's fees for its breach of contract claim, and, for such other and further relief, both general and specific, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Louise Tausch*

_____
**LOUISE TAUSCH**
Arkansas Bar No. 86212
Texas State Bar No. 19680600
Email:  ltausch@arwhlaw.com

**HAILEE M. AMOX**
Arkansas Bar No. 2014090
Texas State Bar No. 24085176
Email: hamox@arwhlaw.com

**ATCHLEY, RUSSELL, WALDROP
& HLAVINKA, L.L.P.**
1710 Moores Lane -- P. O. Box 5517
Texarkana, Texas 75503
TEL:  903/792-8246   FAX:  903/792-5801

**ATTORNEYS FOR DEFENDANT
OZARK HEALTH, INC. D/B/A OZARK
HEALTH MEDICAL CENTER**

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

John M. Hafen
Hanshaw Kennedy, LLP
1415 Legacy Drive, Suite 350
Frisco, TX 75034
jmh@hanshawkennedy.com

David R. Wortham, Jr.
Hanshaw Kennedy, LLP
1415 Legacy Drive, Suite 350
Frisco, TX 75034
drw@hanshawkennedy.com

*/s/ Louise Tausch*
_____
Louise Tausch