UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **EMERGENCY STAFFING SOLUTIONS, INC.,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | NO. 4:16-CV-00145-ALM-CAN |
| **OZARK HEALTH, INC D/B/A OZARK HEALTH MEDICAL CENTER** | § § § § | |
| **Defendant.** | § | |

### DEFENDANT'S RESPONSE AND BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION TO DISMISS

COMES NOW the Defendant Ozark Health, Inc. d/b/a Ozark Health Medical Center ("Ozark Health"), and files this its Response and Brief in Support of Its Response to Plaintiff's Motion to Dismiss:

### I. Introduction

Plaintiff Emergency Staffing Solutions, Inc. ("ESS") filed a motion to dismiss asserting this Court lacks jurisdiction over Ozark Health's Counterclaim and that Ozark Health has failed to state a claim upon which relief can be granted. (Doc. 12). This Court has original jurisdiction over ESS's cause of action, and supplemental jurisdiction over Ozark Health's Counterclaim. The Counterclaim arose from the same case or controversy as ESS's claim, giving the Court supplemental jurisdiction over the Counterclaim pursuant to 28 U.S.C. 1367(a). Additionally, ESS's Motion to Dismiss pursuant to Rule 12(b)(6) should be denied because Ozark Health alleged sufficient facts in its Answer and Counterclaim to show a cause of action against ESS for breach of contract.

## II. Factual Background

In August 2013, ESS contracted with Ozark Health. ESS agreed to provide administrative support for Ozark Health's emergency department in exchange for compensation. One of ESS's duties under the agreement was to provide Ozark Health with emergency room physicians. On January 13, 2016, Plaintiff brought suit against Ozark Health for an alleged violation of a non-compete provision in this contract, arguing that Ozark Health hired the same physicians after the contract's end. According to ESS, these physicians had previously worked for Ozark Health through ESS, and Ozark Health's actions after the termination of the contract violated the non-compete section of the agreement. Ozark Health removed the case on February 29, 2016, based on diversity of citizenship jurisdiction. (Doc. 1). Ozark Health alleged a Counterclaim against ESS for breach of contract, asserting ESS violated the terms of the contract when it repeatedly failed to timely provide a completed schedule for the hospital. (Doc. 4). ESS filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 12).

## III. Legal Standards

**A.     Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction can be based off: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996). The court may consider disputed facts in determining its jurisdiction. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). A motion to dismiss for lack of

subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Id.* (citing to *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998)).

**B.     Rule 12(b)(6)**

"A motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a party files a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept as true the well-pleaded facts found in the complaint. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004). The court must liberally construe the complaint, with all reasonable inferences drawn in favor of the non-moving party. *Id.*; *see also Sloan v. Sharp,* 157 F.3d 980, 982 (5th Cir.1998). Dismissal based on a 12(b)(6) motion is inappropriate unless "it appears **beyond doubt** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *see also Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

### IV. Argument and Authorities

**A.     This Court has subject matter jurisdiction over Ozark Health's Counterclaim pursuant to supplemental jurisdiction.**

This Court should deny ESS's Motion to Dismiss pursuant to Rule 12(b)(1) as this Court has supplemental jurisdiction over Ozark Health's Counterclaim. In any civil action where the court exercises original jurisdiction over a claim, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction

that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are considered the same case or controversy if they derive from a common nucleus of operative fact. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

This Court has original jurisdiction over ESS's claim pursuant to diversity of citizenship. Ozark Health incorporates the facts and arguments set forth in its Notice of Removal (Doc. 1), ESS's State Court Complaint (Doc. 2), and Ozark Health's Response and Brief in Support of Its Response to Plaintiff's Motion to Remand (Doc. 13). On the face of ESS's Complaint, the parties are completely diverse and the amount in controversy will likely exceed $75,000.00. (Doc. 2). Breach of the contractual relationship is the basis for both ESS's and Ozark Health's claims. (Doc. 2; Doc. 4). Thus, Ozark Health's claim arises from a common nucleus of operative fact as the breach of contract claim asserted by ESS. Accordingly, this Court has supplemental jurisdiction over the Counterclaim.

**B.    Ozark Health alleges sufficient facts in its Answer and Counterclaim to show a cause of action for breach of contract against ESS.**

This Court should deny ESS's Motion to Dismiss pursuant to Rule 12(b)(6) as Ozark Health has pleaded sufficient facts in its Answer and Counterclaim to show a cause of action for breach of contract. Under Texas law, the essential elements of a breach of contract include: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *See Prime Products, Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *Keszler v. Memorial Medical Center of East Texas*, 105 S.W.3d 122 (Tex. App.—Corpus Christi 2003, no pet.); *Kent v. Citizens State Bank*, 99 S.W.3d 870 (Tex. App.—

Beaumont 2003 pet. denied). ESS asserted its 12(b)(6) motion to dismiss based on elements 2, 3, and 4 of a breach of contract claim. (Doc. 12). Under federal pleading standards, Ozark Health was required to plead facts which state a plausible claim for relief against ESS for breach of contract. Ozark Health included sufficient factual allegations in its Answer and Counterclaim to satisfy this standard.

1. **Ozark Health pleaded facts showing it performed its obligations under the contract.**

Ozark Health has denied breaching the contract with ESS. (Doc. 4, ¶¶ 25-35). The Answer and Counterclaim establishes Ozark Health's belief that it fully performed the contract based on the pleaded facts. *Id.* ESS's reliance on its arguments in the Motion to Remand and evidence it attached to the motion demonstrate that at least a fact question exists regarding Ozark Health's performance under the contract. Taking the facts as alleged by Ozark Health and the argument set forth by ESS in the light most favorable to Ozark Health shows sufficient factual allegations to state a claim for relief on this element. ESS's motion to dismiss on this element should be denied.

2. **Ozark Health pleaded facts sufficient to show ESS breached the contract.**

A breach of contract occurs when a party fails to perform an act that it promised to perform. *Case Corp. v. Hi-Class Business Systems of America, Inc.*, 184 S.W.3d 760 (Tex. App.—Dallas 2005, no pet.); *Dorsett v. Cross*, 106 S.W.3d 213 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). In its Answer and Counterclaim, Ozark Health included **a specific contractual provision** regarding ESS's obligation to provide coverage and a schedule of such coverage at least five (5) days prior to the first of the month. (Doc. 4, ¶ 48). In the next paragraph, Ozark stated, "…ESS never provided a completed schedule prior to the beginning of each month. Many times ESS did not determine or notify Ozark Health what person would cover

a number of shifts until after the month was well under way..." (Doc. 4, ¶ 49). Ozark Health additionally pleaded facts showing that ESS would leave unscheduled slots listed as "Open," on the schedule, rather than providing a completed schedule. (*Id.*) Ozark Health attached the verification of David Deaton to the Answer and Counterclaim. (Doc. 4.1). The facts pleaded by Ozark Health shows ESS promised to provide a completed schedule prior to the first of each month, but it failed to perform this promise. These facts, if taken as true, show a claim against ESS for breaching the contract.

3. **Ozark Health pleaded sufficient facts to show ESS's breach of the contract caused damages.**

Ozark Health included a sufficient factual basis in its Counterclaim to show damages caused by ESS's breach. In Paragraph 52 of the Answer and Counterclaim (Doc. 4), Ozark Health details how it was damaged by ESS's failure to timely provide a completed schedule. (Doc 4, ¶ 52). In addition to these facts, ESS's actions many times required immediate credentialing of new Emergency Department physicians to fill those empty slots, which increased the costs to Ozark Health. ESS's actions required extra time and consequently, monies, be expended - over and above what is usually involved in this process – for the Credentialing Coordinator and other staff members, and often destroyed the time schedules for the Hospital Administrator and the Chief of Staff, all so that the credentialing of new physicians could be expedited. This is sufficient to establish damages from ESS's breach of contract.

C. **In the alternative, should this Court find Ozark Health did not plead sufficient facts in its Counterclaim, Ozark Health requests the opportunity to replead.**

Courts generally do not dismiss an action for failure to state a claim without providing the pleading party an opportunity to amend. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir.2000); *see also Cates v. International Telephone and Telegraph Corp.*, 756 F.2d 1161, 1180

(5th Cir. 1985). Discovery has not yet begun, and the deadline to amend pleadings has not been determined by the Court. In the event this Court considers Ozark Health's Counterclaim to be deficient, Ozark Health respectfully requests this Court to allow it to replead its Counterclaim, rather than dismiss the cause of action outright.

## V. Conclusion

This Court has original jurisdiction over ESS's breach of contract claim against Ozark Health pursuant to diversity of citizenship jurisdiction. Because Ozark Health's claim arises from the same controversy as ESS's cause of action, this Court has supplemental jurisdiction over the Counterclaim. ESS's Motion to Dismiss for lack of subject matter jurisdiction should be denied. Additionally, Ozark Health pleaded sufficient factual allegations in its Counterclaim to support the breach of contract claim against ESS. ESS's Motion to Dismiss for failure to state a claim upon which relief can be granted should also be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff's Motion to Dismiss be denied, that this Court retain jurisdiction over the entire case including Defendant's Counterclaim, or, in the alternative, that Defendant be given an opportunity to replead, and, for such other and further relief, both general and specific, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Louise Tausch*

_____
**LOUISE TAUSCH**
Arkansas Bar No. 86212
Texas State Bar No. 19680600
Email: ltausch@arwhlaw.com

**HAILEE M. AMOX**
Arkansas Bar No. 2014090
Texas State Bar No. 24085176

Email: hamox@arwhlaw.com

**ATCHLEY, RUSSELL, WALDROP
& HLAVINKA, L.L.P.**
1710 Moores Lane -- P. O. Box 5517
Texarkana, Texas 75503
TEL: 903/792-8246   FAX: 903/792-5801

**ATTORNEYS FOR DEFENDANT
OZARK HEALTH, INC. D/B/A OZARK
HEALTH MEDICAL CENTER**

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

John M. Hafen
Hanshaw Kennedy, LLP
1415 Legacy Drive, Suite 350
Frisco, TX 75034
jmh@hanshawkennedy.com

David R. Wortham, Jr.
Hanshaw Kennedy, LLP
1415 Legacy Drive, Suite 350
Frisco, TX 75034
drw@hanshawkennedy.com

*/s/ Louise Tausch*
_____
Louise Tausch