IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EMERGENCY STAFFING SOLUTIONS INC, | § § § § § § § § § § § | CIVIL ACTION NO. 4:16-CV-00145-ALM-CAN |
| Plaintiff, | | |
| v. | | |
| OZARK HEALTH INC, | | |
| Defendant. | | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Emergency Staffing Solutions, Inc.'s ("Plaintiff") Motion to Remand Proceeding ("Motion to Remand") [Dkt. 9], Defendant Ozark Health, Inc. d/b/a Ozark Health Medical Center's ("Defendant") Response to the Motion to Remand [Dkt. 13], Defendant's Objections to Affidavit of Shonda Rupe [Dkt. 16], and Plaintiff's Reply in Support of Motion to Remand [Dkt. 18]. Also pending before the Court is Defendant's Motion to Transfer Venue ("Motion to Transfer") [Dkt. 7] and Plaintiff's Response to the Motion to Transfer [Dkt. 10]. After considering the Motion to Remand, the Motion to Transfer, the responses thereto, and all other relevant filings, the Court is of the opinion that the Motion to Remand [Dkt. 9] should be **GRANTED** and the Motion to Transfer [Dkt. 7] should be **DENIED AS MOOT**.[1]

---

[1] The Court notes here that Defendant filed the Motion to Transfer on April 4, 2016 [Dkt. 7], and that Plaintiff filed its response to the Motion to Transfer on April 20, 2016 [Dkt. 10]. Because the Court grants the Motion to Remand, the Court does not reach the Parties' briefing on the Motion to Transfer herein.

REPORT AND RECOMMENDATION – Page 1 of 12

## BACKGROUND

Plaintiff commenced the present case on January 13, 2016, in the 416th District Court of Collin County, Texas, by filing Plaintiff's Original Petition and Requests for Disclosure (the "Complaint") [Dkt. 1-2 at 1]. Plaintiff is an Arkansas corporation alleged to be a citizen of Arkansas while Defendant is a Texas corporation with its principal place of business in Collin County, Texas [Dkt. 1 at 3]. Plaintiff's Complaint alleges Defendant breached a contract between the two that required Plaintiff to provide emergency department billing and physician-staffing services to Defendant in exchange for monetary compensation. [Dkt. 2 at 5]. A no-hire provision contained in the contract provides, in pertinent part:

> . . . Paragraph 8 of the Agreement provides that, during the term of the Agreement and for a period of 12 months after the termination of the Agreement, Defendant cannot:. . . directly or indirectly (including, without limitation, through a controlled affiliate) solicit, retain, employ contract with or otherwise engage or be the beneficiary of the professional services of [the Emergency Physicians].
>
> . . . Paragraph 8 . . . further provides that [Plaintiff] may, in its sole discretion, elect to waive the restrictive covenant set forth in Paragraph 8 upon [Plaintiff's] receipt of compensation in the amount of $20,000 per physician.

*Id.* at 3-4. Plaintiff asserts in its Complaint that it seeks "monetary relief of $100,000 or less," as a result of Defendant's alleged breach. Plaintiff also more specifically alleges that Plaintiff has suffered monetary damages of "not less than $71,000[.]" A facial review of the Complaint reveals Plaintiff believes "Defendant retained the services of no less than three (3) Emergency Physicians that provided medical services to Defendant in the satisfaction of [Plaintiff's] obligations under the agreement"—resulting in alleged damages of $20,000 per physician—and also that Defendant "fail[ed] to timely pay [Plaintiff] for services provided"—in the amount of $11,000. *Id.* at 4-5. Plaintiff also claimed attorneys' fees under Tex. Civ. Prac. & Rem. Code Section 38.001 *et seq.* as well as interests and costs. *Id.* at 5-6.

On February 29, 2016, Defendant filed its Notice of Removal, alleging that removal was proper in this case on diversity jurisdiction grounds under 28 U.S.C. Sections 1441 and 1332 [Dkt. 1 at 2]. On April 20, 2016, Plaintiff filed the instant Motion to Remand supported by the affidavit of Shonda Rupe (the "Affidavit"). Plaintiff asserts that the amount in controversy in this case does not exceed $75,000 [Dkt. 9]. Specifically, Plaintiff asserts Defendant paid in full the outstanding balance of $11,000 "for services provided" alleged in the Complaint before filing the Notice of Removal. As such, Plaintiff's only remaining claim relates to the no-hire provision. Plaintiff argues therefore that the amount in controversy, even considering its claim for attorneys' fees, was below the jurisdictional limit of $75,000 at the time of removal. *Id.* Defendant objects to the Affidavit [Dkt. 16] and argues in its response that Plaintiff is attempting to improperly avoid diversity jurisdiction by reducing the amount in controversy after removal [Dkt. 13 at 2].

## LEGAL STANDARD

28 U.S.C. § 1441(a) allows for the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." When questions of federal jurisdiction arise, a federal court must presume that a suit falls outside its jurisdiction because the jurisdiction of federal courts is limited. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, in an action that has been removed from state court, the removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party must allege diversity both at the time of the original filing of the suit in state court and at the time of removal. *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993). The amount in controversy, on the other hand, is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). It is undisputed here that Plaintiff and Defendant do not share citizenship; accordingly, complete diversity of citizenship exists between the Parties. As diversity of citizenship is not in question, the Court focuses on the amount in controversy.

In determining the amount in controversy, the Court must look first to whether the plaintiff alleges a specific amount of damages in the petition. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Where the plaintiff has, in good faith, alleged a sum that exceeds the requisite amount in controversy, that amount controls. *De Aguilar*, 47 F.3d at 1408. Where, on the other hand the plaintiff has not, the removing party must prove by a preponderance of the evidence that the amount of the claim will exceed the amount in controversy jurisdictional minimum. *Id.* The defendant's burden is met if: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts [– either in the removal petition or by affidavit –] that support a finding of the requisite amount[.]" *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1985); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F. 3d 636, 638-39 (5th Cir. 2003) (noting that the test is whether it is more likely than not the amount of the claim will exceed the jurisdictional threshold). If it is facially apparent that the amount in controversy likely exceeds $75,000 or if

the defendant produces sufficient evidence that the jurisdictional amount is satisfied, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount . . . ." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Again, any doubts as to the propriety of removal must be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## ANALYSIS

In its Complaint, Plaintiff did not include a specific damages amount. Rather, Plaintiff in compliance with Tex. R. Civ. P. 47 alleges that it seeks "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys fees" [Dkt. 2][2] and later further elaborates that it suffered "monetary damages in an amount to be determined at trial, but not less than $71,000" and requests to recover "[a]ll attorneys' fees and costs of court[,]" *id.* To support federal jurisdiction over this case, Defendant must therefore show by a preponderance of the evidence that the actual amount in controversy in this case exceeds $75,000.

Defendant argues that it is both "facially apparent" and supported by facts in its Notice of Removal that Plaintiff's claims are likely to exceed $75,000, given that in addition to monetary damages, Plaintiff also asked for attorney's fees [Dkt. 13 at 3-4]. Indeed, Defendant argues "[c]ommon sense dictates" that with the inclusion of attorney's fees the jurisdictional threshold is met. *Id.* Here, Plaintiff's claim for attorneys' fees is under a Texas fee-shifting statute. *See Animal Sci. Prods., Inc. v. Seville Flexpack Corp.*, No. 9:11–CV–55, 2011 WL 2600970, at *4

---

[2] Statements in compliance with Rule 47, such as this, are not evidence of the actual value of Plaintiff's claim, but are merely a pleading requirement with which Plaintiff must comply and alone do establish that the amount in controversy satisfies the jurisdictional minimum. See *Renew My Healthcare, L.L.C. v. Chase Marketing*, No. 4:15-CV-681, 2015 WL 9311396, at *2 (E.D. Tex. Nov. 25, 2015). Here, Plaintiff and Defendants focus not on Plaintiff's statement in compliance with Rule 47, but Plaintiff's later allegation in the Complaint that it seeks monetary damages "not less than $71,000."

(E.D. Tex. June 29, 2011) (citing TEX. CIV. PRAC. & REM. CODE § 38.001). If a state statute provides for attorney's fees, these fees are included as part of the amount in controversy. *Manguno*, 276 F.3d at 723. Because Plaintiff has asserted a breach of contract claim, attorneys' fees are recoverable in this case if it prevails, and, therefore they must be included in the amount in controversy. *Id.* The question then is: is it more likely than not that Plaintiff's damages, including its attorney's fees, exceed the jurisdictional amount?

"Determining the amount in controversy based on the types of damages sought is a fact-specific inquiry." *Hanna v. Allstate Tex. Lloyd's*, No. EP-11-CV-269-KC, 2011 WL 5325257, at *3 (W.D. Tex. Nov. 2, 2011). Here, Plaintiff's Complaint asserts a single claim for breach of contract, alleging that Defendant breached its contract by (1) failing to refrain from retaining the services of no less than three (3) Emergency Physicians during the restricted period, and also (2) by failing to timely pay Plaintiff "for services provided" [Dkt. 2 at 5]. Plaintiff's Complaint alleges $60,000 in monetary damages for the alleged improper retention of physicians and $11,000 for the failure to pay for services provided [Dkt. 2].[3]

In Plaintiff's Motion to Remand, Plaintiff argues that the amount in controversy does not meet the jurisdictional threshold because the monetary damages alleged in Plaintiff's Complaint included "$11,000 for services provided under the Agreement," which Defendant paid in full before filing the Notice of Removal [Dkt. 9 at 2]. As such, Plaintiff argues that at the time of removal its' only remaining contract claim related to Defendant's breach of the no-hire provision. *Id.* In support of its position, Plaintiff submitted the Affidavit of Shonda Rupe [Dkt. 9, Ex. A]. Notably, Paragraph 10 of Defendant's Notice of Removal asserts monetary damages, consistent with those asserted in Plaintiff's Motion for Remand:

---

[3] Such amounts are facially below the amount in controversy.

> The amount in controversy exceeds $75,000.00, excluding interest and cost. Plaintiff alleges damages in its petition of at least $60,000.00. Additionally, Plaintiff seeks its attorney's fees. In calculating the amount in controversy, attorney's fees may be counted towards the aggregate total if provided for by statute. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, Plaintiff seeks attorney's fees for a breach of contract, and, pursuant to § 38.001 et seq., would be entitled to attorney's fees if successful. Attorney's fees would easily exceed $15,000.00 in a contested breach of contract action

[Dkt. 1 ¶ 10]. Notwithstanding its Notice of Removal, Defendant now argues the Court should look only to the amount stated on the face of the Complaint—$71,000—and not consider the payment of the $11,000 in its remand analysis [Dkt. 13 at 4].

Under any manner of proof, the jurisdictional facts supporting removal must be considered as they existed "at the time of removal," and any post-petition affidavits are allowable only if relevant to that period of time. *Allen*, 63 F.3d at 1336. Generally, therefore, amendments, stipulations, or affidavits after removal attempting to reduce the jurisdictional amount will not defeat a court's jurisdiction. *Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993). And a plaintiff may not defeat removal by submitting an affidavit which alters the damage request in the initial petition in state court. *Id.* However, Courts have allowed parties to clarify a state court petition where the jurisdictional question was ambiguous. *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998); *Nielsen v. Commc'ns Components, Inc.*, No. 4:13-CV-385, 2013 WL 6253647, at *2 (E.D. Tex. Dec. 3, 2013). Here, the Court finds, in light of the assertion regarding monetary damages in Defendant's Notice of Removal, that the amount in controversy was ambiguous at the time of removal, and the Court should consider each of the

relevant filings—including the Affidavit—to clarify the jurisdictional facts at the time the Notice of Removal was filed.[4]

At the time of removal, Defendant's Notice of Removal states that "Plaintiff alleges damages in its petition of at least $60,000.00" [Dkt. 1 at 3]. The Affidavit clarifies this representation, to make clear, that at the time of removal $11,000 had been paid by Defendant, resolving Plaintiff's breach of contract claim except as it related to any violations of the no-hire provision (leaving at least $60,000 in monetary damages) [Dkt. 2, Ex. A]. Defendant does not contest Plaintiff's assertion that it paid the $11,000 prior to removal. No post-removal event is alleged to have occurred by either Party. Rather, the payment of the $11,000 is alleged to have occurred *prior* to removal; and thus, constitutes merely an explanation of facts arising prior to removal. The Court must consider such event in determining the jurisdictional amount. *See, e.g.*, *Allen*, 63 F.3d at 1336; *Manguno*, 276 F.2d at 723; *Gebbia*, 233 F.3d at 883.

Assuming Plaintiff's base monetary damages relating to the no-hire provision are $60,000, Plaintiff's breach of contract losses do not facially appear to exceed the jurisdictional limit. It may be as Defendant argues in its papers, that $60,000 is only a starting point, and Plaintiff will ultimately assert Defendant engaged additional doctors in violation of the no-hire provision; however, there is no way to establish that and/or quantify the damages associated with

---

[4] The Court denies Defendant's request to strike the Affidavit in its entirety. Defendant asserts further objections to numerous paragraphs in the Affidavit. The Court takes up only those objections, if any, related to paragraphs 11, 17 and 22 of the Affidavit, such paragraphs being the only ones which bear upon and/or relate to the issue of the $11,000 "for services paid[.]" Defendant does not object to paragraph 11. Defendant moves to strike the entirety of paragraph 17; however, Defendant's stated objection relates only to those sentences related to the physician list. As such, the Court finds Defendant does not object to the representation "Defendant paid the Outstanding Amount." Turning to paragraph 22, Defendant moves to strike on the basis that it constitutes a post-removal amendment to the amount in controversy. Paragraph 22 of the Affidavit states in relevant part "[d]ue to Defendant's payment of the Outstanding Amount, [Plaintiff's] claims are now limited to damages related to Defendant's violation of Paragraph 8 of the Agreement and attorney fees." The Court overrules Defendant's objection to this sentence in paragraph 22 of the Affidavit. Such sentence merely clarifies the jurisdictional facts in existence at the time of removal and does not constitute an attempt to reduce the amount in controversy post-removal. The Court need not reach Defendant's remaining objections herein; notwithstanding, the Court notes that Plaintiff's attempt to lower the monetary damages associated with its remaining breach of contract claim from $60,000 to $40,000 does constitute an improper attempt to reduce the jurisdictional amount post-removal.

same—as of the time of removal. A mere possibility that the statutory minimum will be met is simply not sufficient, and any ambiguity in the amount in controversy must be resolved in favor of remand. *Manguno*, 276 F.3d at 723.

The remaining question then is whether Plaintiff's attorney's fees necessarily push its damages over $75,000. Defendant asserts that "[a]ttorney's fees would easily exceed $15,000.00 in a contested breach of contract action" [Dkt. 1 at 3]. In certain circumstances, the Fifth Circuit has found that a plaintiff's claims for attorney's fees can fill the gap to establish the requisite amount in controversy. *Manguno*, 276 F.3d at 724. Such circumstances are not present here. As an initial matter, Defendant's assertion that attorneys' fees alone would cause the amount in controversy to exceed $75,000 is conclusory. *See Allen*, 63 F.3d at 1335 ("Removal, however, cannot be based simply upon conclusory allegations."). Moreover, even if attorneys' fees are considered as part of an award in this case, there is no reason to believe that such fees would amount to a large sum. Here, while the Court acknowledges it is allowed to make "common sense" judgments, it cannot conclude, without any support, that attorney fees for what appears to be a relatively straightforward contract dispute—with a single defendant—related to a single term of the parties' contract, will likely exceed $15,000. *See Allen*, 63 F.3d at 1336; *see also Renew My Healthcare*, 2015 WL 9311396, at *1, *3; *Oliver v. CitiMortgage, Inc.*, No. 3:13–CV–2566–G, 2014 WL 285218, at *1, *5 (N.D. Tex. Jan. 27, 2014); *Gulf Coast Envtl. Sys., LLC v. TKS Control Sys., Inc.*, No. H-08-1080, 2008 WL 2704766, at *4 (S.D. Tex. July 7, 2008). It is therefore not facially apparent that the amount in controversy exceeds $75,000.[5]

---

[5] The "common sense" standard used to determine whether the amount in controversy appears sufficient on the face of a complaint has resulted in a system of case-by-case determinations. *See, e.g., White*, 319 F.3d at 672; *Gebbia*, 233 F.3d at 880; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th cir. 2013); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999); *ANPAC*, 988 F.2d at 559; *see also* Rebecca Hild, *Federal Diversity Jurisdiction in the Fifth Circuit: Meeting the Amount in Controversy,* 61 BAYLOR L. REV. 296, 315 (2009) ("No clear rules govern what is 'facially apparent.' What is facially apparent will be determined case by case; neither the Fifth Circuit's nor its district courts' decisions can be easily predicted."). In fact, courts have noted inconsistencies between decisions.

Moreover, Defendant has proffered no facts in support of its position regarding fees; it has not shown Plaintiff's counsels hourly billing rate, any charges already incurred, and/or discussed the future activities in the case – including discovery, depositions or motions – that make it more likely than not that attorney's fees would exceed $15,000. Without further information, the Court cannot find the amount in controversy has been met. The Court concludes that Defendant has failed to carry its burden, and remand is required. *See De Aguilar*, 47 F.3d at 1412. At best, Defendant has shown that there is a mere possibility that Plaintiff might recover more than $75,000; the question must therefore be resolved in favor of remand. Accordingly, the Court finds that the amount in controversy is insufficient to support diversity jurisdiction at this time, and recommends Plaintiff's Motion to Remand be granted.

Plaintiff also seeks all costs and expenses related to the motion to remand, including attorney's fees. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In applying section 1447(c), the Court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293. Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* at 292 (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations

---

*See, e.g.*, *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003) (noting inconsistency between *Luckett* and *Simon*); *Gebbia*, 233 F.3d at 883 (same). However, the federalism concerns inherent in removal significantly influence the remand analysis. *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Thus, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.* (citing *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

omitted). The Court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293. The Court finds that it was objectively reasonable for Defendant to believe that removal was proper. Thus, the Court determines that an award of fees and costs is not appropriate in this case

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Remand [Dkt. 9] be **GRANTED**, and the case be remanded back to the 416th Judicial District Court of Collin County, Texas. The Court also recommends that Defendant's Motion to Transfer Venue [Dkt. 7] be **DENIED AS MOOT** in light of its recommended disposition of Plaintiff's Motion for Remand.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of November, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE